UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-22070-CIV-MARTINEZ/GOODMAN

ALFREDO GUERRA,

    Plaintiff,

v.

SOUTHEASTERN FREIGHT LINES, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL AND FOR SANCTIONS

This Cause is before the Undersigned on Defendant's Motion to Compel Plaintiff Alfredo Guerra ("Guerra") to answer interrogatories in aid of execution (the "Motion"). [ECF No. 82]. On October 27, 2014, the Undersigned ordered that Guerra respond to the Motion by November 5, 2014. [ECF No. 84]. As of December 1, 2014, Guerra has not filed a response. The Undersigned has reviewed the Motion and the relevant portions of the record. As explained below, Defendant's motion is **granted**.

**I.    BACKGROUND**

On April 22, 2013, Guerra filed the underlying complaint in this action against Southeastern Freight Lines, Inc. ("SEFL") for damages to Guerra's residence resulting from an accident caused by the alleged negligence of SEFL's driver. [ECF Nos. 1; 67]. SEFL removed Guerra's complaint from state court on June 10, 2013. [ECF No. 1].

On September 16, 2013, SEFL served an offer of judgment under § 768.79, Fla. Stat., Florida Rule of Civil Procedure 1.442 ("Rule 1.442"), and Federal Rule of Civil Procedure 68. [ECF Nos. 16; 69-1]. In this offer, SEFL offered Guerra $5,000 to dismiss his case. [ECF No. 69-1]. Guerra did not accept the offer.

On December 2, 2013, SEFL moved for summary judgment. [ECF No. 37]. The District Court granted SEFL's summary judgment motion on February 4, 2014, and entered a final judgment in favor of SEFL on February 5, 2014. [ECF Nos. 67; 68].

On February 27, 2014, SEFL filed a motion for attorney's fees and costs. [ECF No. 69]. Guerra did not respond to the motion. The Undersigned issued a Report and Recommendations on August 8, 2014, recommending that the motion for attorney's fees and costs be granted in part and denied in part. [ECF No. 76]. The District Court adopted that Report and Recommendations, ordering Guerra to pay a total award of $55,187.20, to bear interest from the date of the final judgment. [ECF No. 77].

On September 19, 2014, in an attempt to discover potential assets allowing SEFL to recover $55,187.20 from Guerra, SEFL served Guerra a set of interrogatories in aid of execution. [ECF No. 82-1]. Guerra did not respond to the interrogatories, but did seek, and was granted, an extension of time to respond until October 24, 2014. [ECF No. 82, p. 2]. Guerra still did not respond by October 24, 2014, and instead sought another extension of time, which SEFL refused to provide. [*Id.*].

2

On October 25, 2014, SEFL filed the instant motion. [ECF No. 82]. The Undersigned ordered Guerra to respond to the Motion by November 5, 2014. [ECF No. 84]. As of December 1, 2014, Guerra has still not filed a response.

## II.     DISCUSSION

### A. Motion to Compel

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, when a party: (1) fails to make a disclosure required by Rule 26(a); (2) fails to answer an interrogatory pursuant to Rule 33; or (3) fails to answer a request for production, the party that served the request "may move for an order compelling an answer." In the instant case, Guerra has not answered, responded, or objected to SEFL's interrogatories in aid of execution. Plaintiff has caused unreasonable delay. As a result, under Rule 37(a) and 37(d), SEFL is entitled to an entry of an order compelling Guerra to immediately serve answers to said interrogatories.

The discovery propounded upon Guerra in this action requested information regarding Guerra's financial information and potential assets so that SEFL can attempt to recover the attorney's fees and costs awarded by this Court. These discovery requests comply with the rules of Federal Procedure.

Guerra did not file a timely objection to SEFL's interrogatories and did not claim that any of the discovery infringed upon privileged information. Guerra has failed to provide any responses. Therefore, any and all objections to SEFL's discovery requests

are now waived. Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b); *Dorrough v. Mullikin*, 563 F.2d 187, 191 (5th Cir. 1977).

> Rule 37(a), Federal Rules of Civil Procedure, states as follows:
>
> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34 . . . fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

Accordingly, SEFL's Motion to Compel is **granted**. Guerra shall provide discovery responses to Defendants outstanding discovery requests **within 10 days**.

### B. Motion for Sanctions

A district court has broad power to control discovery and this power includes the ability to impose sanctions on uncooperative litigants. *Phipps vs. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court *shall*, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(4)(A). Sanctions pursuant to Rule 37 are intended to prevent unfair prejudice to the litigants and ensure the integrity of the discovery process. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Guerra has refused to participate in discovery and has caused SEFL to incur unnecessary expenses associated with the need to pursue an order compelling Guerra to respond to discovery. Guerra failed to live up to his obligations under the Federal Rules of Civil Procedure. The requirements of the federal and Local Rules are mandatory, not merely aspirational. *Hoglund vs. Limbach Constructors, Inc.*, Case No. 95–2847, 1998 WL 307457, *4 (S.D. Fla. Mar. 30, 1998).

The Undersigned hereby finds that SEFL is entitled to a sanctions award. Therefore, SEFL **shall be awarded attorney's fees and costs,** to be paid by Guerra, for the fees and costs incurred by SEFL in bringing this Motion in the **amount of $500.00**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, December 1, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Jose E. Martinez
All Counsel of Record